UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LUIS TOBIAS,

    Petitioner,

-vs-                                          Case No. 5:10-cv-637-Oc-10TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## **ORDER DISMISSING PETITION**

Luis Tobias was indicted, tried, convicted and sentenced in the Orlando Division of this Court in 1995-96 (Case No. 6:95-cr-23). The Court of Appeals affirmed the conviction and sentence; and, in the ensuing years, he twice sought relief in the sentencing court under 28 U.S.C. § 2255. Both of those petitions were denied.

Then, four years after the denial of his second § 2255 petition, Tobias filed in this court his pending petition under 28 U.S.C. § 2241. Citing United States v. O'Brien, 560 U.S. 218, 130 S. Ct. 2169 (2010), Tobias claims that the sentencing court illegally enhanced his sentence on the basis of judge-made rather than jury findings concerning the amount of drugs attributable to him in his offense of conviction – a drug conspiracy in violation of 21 U.S.C. § 846.

Tobias' first problem is that O'Brien has nothing to do with his case.[1] O'Brien involved a firearms offense with respect to which a special characteristic of the weapon

---

[1]    See Deglace v. Warden, 484 Fed. Appx. 307 (11th Cir. 2012).

– being operable as a machine gun – was a statutory sentencing enhancer requiring a jury finding, not a determination by the judge. Of greater relevance to Tobias' case is the more recent decision of the Supreme Court in Alleyne v. United States, ___ U. S. ___, 133 S. Ct. 2151 (2013), which overruled Harris v. United States, 536 U. S. 545, 122 S. Ct. 2406 (2002), and applied the rule of Apprendi v. New Jersey, 530 U. S. 466, 120 S. Ct. 2348 (2000) to any fact that triggers application of a higher mandatory minimum sentence than would otherwise apply.[2]

But even assuming that Alleyne applies retroactively – and there is no authority that it does – it would not aid Tobias' petition under § 2241. Rather, he would need to apply to the Court of Appeals for permission to file a successive petition in the sentencing court under § 2255(h)(2). And there is another reason that the petition under § 2241 is unavailing. Because Tobias has previously been denied relief under § 2255, he cannot invoke § 2241 unless he demonstrates under the so-called "savings clause" of § 2255(e) that his "remedy by motion [under 2255] is inadequate or ineffective to test the legality of his detention." That he cannot do under the established law of the circuit.

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (*en banc*) and Williams v. Warden, 713 F.3d 1332 (11th Cir. 2013), the Court of Appeals has clearly settled the law in this Circuit that once a federal inmate has had an opportunity to take a direct

---

[2] Apprendi held that any fact, other than a prior conviction, that increases the statutory maximum penalty for a crime must be alleged and proved beyond a reasonable doubt. Harris declined to extend Apprendi to facts that increase the statutory minimum penalty. Alleyne overrules Harris. The resulting rule now is: any fact that increases either the statutory maximum or mandatory minimum (other than the fact of a prior conviction) must be treated as an element of the offense requiring allegation and proof beyond a reasonable doubt. Sentence enhancements based upon prior convictions are excluded by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998) which was expressly left undisturbed in Alleyne. See 133 S. Ct. at 2160, n. 1.

appeal from a conviction and sentence, and has also had an opportunity to seek collateral review under 28 U.S.C. § 2255, this Court lacks jurisdiction to entertain a subsequent petition challenging the sentence under 28 U.S.C. § 2241 except in one very narrow circumstance preserved by the "savings clause" of § 2255(e) as interpreted in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

Wofford held[3] that the "savings clause" is limited to cases in which (1) the § 2241 petition is based upon a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was convicted of a non-existent offense; and (3) the Supreme Court decision is "circuit law busting" because the law of the circuit squarely foreclosed the claim at the time it should have been raised in the petitioner's trial, appeal or first motion under § 2255.  Wofford, 177 F.3d at 1244-1245.

The effect of these requirements limits the savings clause of § 2255(e) to cases in which the petitioner is not "innocent of the sentence," but is "actually innocent" in fact of the underlying offense of conviction as in Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995)[4]

In this instance Tobias' petition does not satisfy any of the three requirements necessary to bring his case within the savings clause of § 2255(e).  His petition is not based upon a controlling, retroactive decision of the Supreme Court; his petition and

---

[3]   The en banc opinion in Gilbert describes the Wofford court's interpretation of the §2255(e) savings clause as dicta but does not disapprove the Wofford decision (See 640 F. 3d at 1319-1320), and Wofford has since been applied by the court in other cases.  See Gresham v. Haynes, 476 Fed. Appx. 846 (11th Cir. 2012).

[4]   Bailey was a circuit law busting decision holding that passive possession of a firearm did not constitute unlawful "use" of the weapon in violation of 18 U.S.C. § 924(c)(1)(A) prohibiting use of a firearm during and in relation to any crime of violence or drug trafficking crime.

supporting memorandum do not demonstrate that he was convicted of a non-existent offense; and his petition and supporting memorandum do not demonstrate that he was previously prevented from raising his claim on appeal or under § 2255 by the established law of the circuit. In fact, the court on direct appeal found that Tobias had waived any claim concerning the quantity of drugs attributed to him by failure to raise the issue at his sentencing (Doc. 10-4, pages 5-6).

The petition (Doc. 1) is DISMISSED for lack of jurisdiction and the Clerk is directed to enter judgment to that effect, terminate all pending motions, and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 26th day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy, Courtroom Deputy